# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JONATHAN LLOYD THOMAS,

            Plaintiff,

  v.

SILAS HESSLER and VLADIMIR A. PLOTNIKOV,

            Defendants.

Case No. 4:25-cv-00001-SLG

## SCREENING ORDER

On January 2, 2025, self-represented prisoner Jonathan Lloyd Thomas ("Plaintiff") filed a civil complaint against two Alaska State Troopers.[1] In Claim One, Plaintiff alleges that Alaska State Trooper ("AST") Vladimir Plotnikov violated his right to be free from unreasonable seizure when he arrested him on or about July 12, 2023.[2] In Claim 2, Plaintiff alleges that AST Silas Hessler unreasonably arrested him and then illegally impounded his truck on or about January 14, 2024.[3] For relief, Plaintiff seeks $150,000 in damages, $150,000 in punitive damages, and an order requiring Defendants to stop harassing him and to stop falsely arresting him without evidence.[4]

---

[1] Docket 1.

[2] Docket 1 at 2.

[3] Docket 1 at 4.

[4] Docket 1 at 8.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As an initial matter, this action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the past six months. Additionally, the Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED.

Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order **as to Claim 1 only** against AST Plotnikov. Because Plaintiff's two claims are completely distinct claims, they are improperly joined in one complaint. Plaintiff must only include his revised Claim 1 in an amended complaint. In the alternative, Plaintiff may file a notice of voluntary dismissal of Claim 1 and this case will be closed.[5] Should Plaintiff wish to pursue Claim 2 against AST Hessler, he must file that revised claim in a separate complaint in a new case. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[6] of Plaintiff's related state court cases to the extent they are relevant

---

[5] *See* Fed. R. Civ. P 41.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 2 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 2 of 16

here.[7]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or

---

accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[7] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 3 of 16
Case 4:25-cv-00001-SLG    Document 3    Filed 06/02/25    Page 3 of 16

unwarranted deductions of fact.[11] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

### I. This action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the filing fee.

To properly commence a civil rights action, a prisoner must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed

---

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 4 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 4 of 16

application to waive *prepayment* of the filing fee.[16] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[17] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil rights lawsuits.[18] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[19]

This action is deficient because Plaintiff has not paid the filing fee or filed a completed application to waive prepayment of the fee along with a statement from his prisoner trust account for the past six months. If Plaintiff chooses to file an amended complaint as to Claim 1 in this case, he must also file a completed application to waive prepayment of the filing fee and a statement of his prisoner trust account for the past six months. If Plaintiff chooses to revise Claim 2 and initiate a new case, he must also file a completed application to waive prepayment of the filing fee and a statement of his prisoner trust account for the past six months in that new case. Should Plaintiff proceed with either lawsuit, the Court will issue a separate order on the collection of the filing fee.

## II. Plaintiff's claims are improperly joined

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join

---

[16] District of Alaska Local Civil Rule 3.1.

[17] Local Civil Rule 3.1(c)(3).

[18] 28 U.S.C. § 1915(a)-(b).

[19] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 5 of 16
Case 4:25-cv-00001-SLG    Document 3    Filed 06/02/25    Page 5 of 16

as many claims as he has against an opposing party in one action.[20] But two individuals may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[21]

Both of Plaintiff's claims are for unreasonable seizure, and he seeks an order requiring Defendants "to stop harassing [him] and falsely arresting him without evidence."[22] However, the claims are against two separate defendants based on events that allegedly occurred on two separate dates and resulted in separate state criminal cases. Therefore, these claims are not properly joined and must be brought as two separate actions. Although Plaintiff is being given an opportunity to file an amended complaint, he must not improperly combine unrelated parties or claims. Instead, he may file an amended complaint in this action as to Claim 1 only. He may also choose to file a separate complaint as to Claim 2 as a new case.

---

[20] Fed. R. Civ. P. 18(a).

[21] Fed. R. Civ. P. 20(a)(2).

[22] Docket 1 at 8.

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 6 of 16
Case 4:25-cv-00001-SLG    Document 3    Filed 06/02/25    Page 6 of 16

### III. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[23] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[24] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[25] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[27] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury because of the

---

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[25] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[26] *Ashcroft,* 556 U.S. at 678.

[27] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 7 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 7 of 16

conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[28]

### A. Plaintiff's claim against AST Plotnikov

In Claim 1, Plaintiff alleges on or about July 12, 2023, AST Plotnikov wrongfully arrested him based on false accusations by Deseray Painter-Thomas.[29] Plaintiff claims he was taken from his home in a "humiliating manner" and falsely charged with harassment and threatening communications.[30]

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the person has committed a crime. "Probable cause" exists when, under all the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the person has committed a crime. Although the facts known to the officer are relevant to this inquiry, the officer's intent or motive is not relevant to this inquiry.[31]

Plaintiff has not pleaded sufficient facts to demonstrate that the arrest on July 12, 2023, was unlawful. The Complaint does not contain any explanation of the specific charges that were brought against Plaintiff nor provide any additional

---

[28] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[29] Docket 1 at 2.

[30] Docket 1 at 2 (cleaned up).

[31] *See* Ninth Circuit Model Civil Jury Instruction 9.23 and the cases cited in the Comment to that instruction.

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 8 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 8 of 16

information regarding the outcome of any criminal prosecution that was brought against him. The Complaint fails to specify whether AST Plotnikov had a warrant to arrest Plaintiff. And the Complaint contains only conclusory allegations that Plaintiff's then-wife "made false accusations" against him but provides no reason why AST Plotnikov would have known or should have known that those allegations were false.

A search of the publicly available state court records produced no results for criminal cases filed in state court during the month of July 2023.[32] However, the state records do show that Ms. Painter-Thomas filed two short-term protective orders against Plaintiff around that time—on June 5, 2023[33] and on August 3, 2023[34]—both of which were granted on the same day they were filed.[35]

---

[32] The state court records do reflect Plaintiff was cited for two minor offenses on July 10, 2023, but these appear unrelated to Claim 1. *See State of Alaska vs. Thomas, Jonathan Lloyd,* Case No. 4TO-23-00203MO (Case Type: Minor Offense; AS28.15.291(a)(2): Drive w/ License Cancelled/Susp; Offense Date 07/10/2023; Disposition 08/28/2023: Default Judgment-Failed to Appear-Trial or Hearing); *State of Alaska vs. Thomas, Jonathan Lloyd,* Case No. 4TO-23-00204MO (Case Type: Minor Offense; AS28.22.019: Proof Of Insurance To Be Carried; Offense Date 07/10/2023; Disposition 08/31/2023: Citation Corrected and Dismissed).

[33] *Painter-Thomas, Deseray Louise vs. Thomas, Jonathan Lloyd,* Case No. 4TO-23-00025CI ("Case 25"), Docket Entry dated 06/05/2023 (Order Granting for Domestic Violence Protective Order: Short-Term).

[34] *Painter-Thomas, Deseray Louise vs. Thomas, Jonathan Lloyd,* Case No. 4TO-23-00036CI ("Case 36"), Docket Entry dated 08/03/2023 (Order Granting Short-Term Petition).

[35] In each case, the petition for a long-term order was denied after the petitioner failed to appear at the hearing. *See* Case No. 25, Docket Entry dated 06/23/2023 ("Long-Term Petition Denied. Petitioner Failed to Appear at Long-Term Hearing."); Case No. 36, Docket Entry dated 09/12/2023 ("Long-Term Petition Denied. Petitioner Failed to Appear

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 9 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 9 of 16

Even if the case details of a criminal case arising from the July 12, 2023 incident were available on Courtview (which it appears they are not, it is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. Apart from searching Alaska state court dockets, the Court does not conduct independent research when screening a complaint. For these reasons, the Complaint fails to state a viable claim against AST Plotnikov.

### B. Plaintiff's claim against AST Hessler

In Claim 2, Plaintiff alleges that on or about January 14, 2024, AST Silas Hessler unlawfully arrested him and illegally impounded his vehicle.[36] Plaintiff claims he was wrongfully charged with driving without a license and improper use of registration/title/plates, even though he was just sitting in the backseat of the car.[37] Plaintiff claims he went to court and was forced to plead guilty to false charges to avoid going to jail.[38] Plaintiff again fails to provide any additional relevant information about any charges brought against him and a search of the publicly available state court records produced no results for criminal cases filed in state court during the month of January 2024.

Similar to Claim 1, Plaintiff has not pleaded sufficient facts to demonstrate that the officer lacked reasonable suspicion to justify the stop, lacked probable

---

at Long-Term Hearing.").

[36] Docket 1 at 4.

[37] Docket 1 at 4.

[38] *Id.*

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 10 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 10 of 16

cause to arrest him, or fabricated evidence. And again— even if the case details are available on Courtview—it is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. In addition, in Claim 2 Plaintiff states that he pleaded guilty to the charges. But "[u]nder *Heck v. Humphrey,* a [person] cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction . . unless the plaintiff can demonstrate that the conviction . . has already been invalidated."[39] For these reasons, Claim 2 must be dismissed; further, in light of the state court convictions, leave to amend is likely futile as to this claim. And because Claim 2 is improperly joined to Claim 1, Plaintiff must not include this claim in an amended complaint in this case.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[40] A complaint must allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[41] An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging

---

[39] *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

[40] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[41] Fed. R. Civ. Proc. 8(a)(2).
Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 11 of 16

caused that specific injury. In addition, each allegation of an amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[42] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint in this case **as to Claim 1 only**, he must not expand the scope of this case by alleging new unrelated parties or claims. Plaintiff may attach to an amended complaint relevant court records and/or police reports that he specifically references in the amended complaint that he believes support his claims.

If Plaintiff chooses to file an amended complaint as to Claim 1 or a new civil case as to Claim 2, the Court will screen each filing to determine whether it is subject to dismissal or whether there is a plausible claim that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

---

[42] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 12 of 16
Case 4:25-cv-00001-SLG     Document 3     Filed 06/02/25     Page 12 of 16

## V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[43] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[44] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that he "is under imminent danger of serious physical injury" at the time of filing his complaint.[45] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[46] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[47] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[48]

**IT IS THEREFORE ORDERED:**

---

[43] 28 U.S.C. § 1915(g).

[44] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[45] 28 U.S.C. § 1915(g).

[46] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[47] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[48] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 13 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 13 of 16

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order **as to Claim 1 only.**

2. Claim 2 is **DISMISSED without prejudice** to Plaintiff filing this claim in a new separate civil case.

3. If Plaintiff elects to file an amended complaint, he must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee in each case **within 60 days of the date of this order**. The application to waive *prepayment* of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement for the past six months.

4. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his Complaint **as to Claim 1 only** to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case as to Claim 1.

5. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim. A Notice of Voluntary Dismissal does not count as a strike.

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 14 of 16
Case 4:25-cv-00001-SLG   Document 3   Filed 06/02/25   Page 14 of 16

6. If Plaintiff fails to pay the filing fee or file an application to waive prepayment in accordance with this order, this case may be dismissed as a deficient filing without further notice to Plaintiff.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska Local Civil Rules, and all Court orders.[49] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[50] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in the dismissal of the case without further notice to the plaintiff.

---

[49] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[50] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 15 of 16
Case 4:25-cv-00001-SLG     Document 3     Filed 06/02/25     Page 15 of 16

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 2nd day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Screening Order
Page 16 of 16
Case 4:25-cv-00001-SLG    Document 3    Filed 06/02/25    Page 16 of 16