IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JONATHAN LLOYD THOMAS,

           Plaintiff,

v.

SILAS HESSLER and VLADIMIR A. PLOTNIKOV,

           Defendants.

Case No. 4:25-cv-00001-SLG

**<u>ORDER OF DISMISSAL & NOTICE OF STRIKE</u>**

On June 2, 2025, the Court issued a Screening Order dismissing the Complaint filed in this case by self-represented prisoner Jonathan Lloyd Thomas for failing to adequately state a claim for which relief may be granted.[1] The Court accorded Plaintiff 60 days to file an amended complaint and explained that failure to file either a First Amended Complaint or Notice of Voluntary Dismissal before the Court's deadline would result in dismissal of this case as a strike under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[2] On June 20, 2025, the Screening Order was returned to the Court as undeliverable.[3] According to Alaska's automated inmate information and notification service, Plaintiff has been released from the physical custody of the Alaska Department of Corrections ("DOC")

---

[1] Docket 3.

[2] Docket 3 at 2, 14.

[3] Docket 10.

onto parole.[4]

On September 8, 2025, the Court notified Plaintiff that this case would be dismissed if he did not file either a First Amended Complaint or Notice of Voluntary Dismissal within 14 days of the Court's Order.[5] That order was also returned to the Court as undeliverable.[6] To date, Plaintiff has not contacted the Court or updated his address with the Court.

The Court's Standing Order explained that self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[7] The Standing Order also informed Plaintiff that failure to keep a current address on file with the Court could result in dismissal of this case without further notice to Plaintiff.[8] When an order of the Court or other mail is returned to the Court as undeliverable, a party

---

[4] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday ("VINE") service at www.vinelink.com.

[5] Docket 5.

[6] Docket 6.

[7] Docket 2 at 4. *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[8] Docket 2 at 4-5. *See also* Alaska Local Civil Rule 11.1(b)(2) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Order of Dismissal & Notice of Strike
Page 2 of 6

Case 4:25-cv-00001-SLG     Document 7     Filed 10/21/25     Page 2 of 6

must update his contact information within 14 days of the date of the that order, or the Court may dismiss the case for failure to prosecute.[9] Before dismissing a complaint for failure to comply with an order or procedural rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[10]

Plaintiff may not have been aware of his deadlines in this case since the last two orders were returned to the Court as undeliverable. However, Plaintiff was informed of the Court's requirement to keep his contact information current,[11] and he has not updated his address or otherwise contacted the Court since he filed this case on January 2, 2025.[12] Therefore, this case must be dismissed for failure to comply with a local rule,[13] failure to comply with an order of the Court,[14] and failure

---

[9] *See* Alaska Local Civil Rule 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[10] *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors federal courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[11] The Standing Order at Docket 2 was not returned to the Court as undeliverable.

[12] Docket 1.

[13] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[14] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Order of Dismissal & Notice of Strike
Page 3 of 6
Case 4:25-cv-00001-SLG     Document 7     Filed 10/21/25     Page 3 of 6

to prosecute.[15] The Court finds no other lesser sanction to be satisfactory or effective in this case.[16] Because Plaintiff was a prisoner at the time this case was filed, this dismissal will count as a "strike" under § 1915(g),[17] which may limit Plaintiff's ability to bring future civil rights cases under Section 1983 in federal court.[18]

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[19] The "three strikes" provision was "designed to filter out the bad claims and facilitate

---

[15] See Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[16] See, e.g., Henderson, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); Gleason v. World Sav. Bank, FSB, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[17] Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)). See also O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (concluding that a plaintiff has "brought" an action for the purposes of Section 1915(g) when he submits the operative complaint).

[18] When a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

[19] 28 U.S.C. § 1915(g).

Case No. 4:25-cv-00001-SLG, Thomas v. Plotnikov, et al.
Order of Dismissal & Notice of Strike
Page 4 of 6
Case 4:25-cv-00001-SLG   Document 7   Filed 10/21/25   Page 4 of 6

consideration of the good."[20] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[21] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[22] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[23] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[24]

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED with prejudice**.

2. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot**.

4. The Clerk shall issue a final judgment and close this case.

---

[20] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[21] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[22] *Andrews,* 493 F.3d at 1056 (cleaned up).

[23] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[24] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Order of Dismissal & Notice of Strike
Page 5 of 6

Case 4:25-cv-00001-SLG   Document 7   Filed 10/21/25   Page 5 of 6

DATED this 21st day of October, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
SENIOR UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00001-SLG, *Thomas v. Plotnikov, et al.*
Order of Dismissal & Notice of Strike
Page 6 of 6

Case 4:25-cv-00001-SLG     Document 7     Filed 10/21/25     Page 6 of 6